BROOKFIELD *v.* BEAMON.

## Opinion delivered April 19, 1926.

DEEDS—CONDITION THAT LAND BE USED FOR CHURCH.—Where the owner of a block in a town donated the entire block to be used by a church as a building site for a house of worship, on condition that the title should revert when the block was not so used, the title to the entire block remains in the church so long as it has its house of worship on the block, although the church building does not cover the entire block.

Appeal from Cross Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*S. A. Gooch* and *Norfleet & Norfleet,* for appellant.

*Giles Dearing,* for appellee.

WOOD, J.   On November 15, 1886, Nannie E. Brookfield, by warranty deed for a consideration of $1, conveyed to B. B. Merryman, J. W. Frazier, G. N. Sparks, John Graham and A. J. Harrell, trustees, "for securing and holding a lot for religious purposes, the west end of block 20, beginning forty feet east of the southeast corner of block 3, east 185 feet, thence north 65 feet, thence west 185 feet, thence south 94 feet to point of beginning, the said lot being situated in the Brookfield Division of the town of Wynne, now on file in the office of recorder of Cross County, Arkansas." The *habendum* clause recites as follows:  "To have and to hold the same unto the said trustees or their successors, for evangelical purposes forever, with all appurtenances thereunto belonging.   And I hereby covenant with the said trustees that I will forever warrant and defend the title to said lands to the said trustees so long as used for church purposes, and, when no longer so used, to revert to original owner."

On February 22, 1890, Nannie E. Brookfield, for the consideration of $1, conveyed by warranty deed to A. J. English, E. J. Newsom and John King, as trustees for the Wynne Baptist Church and unto the deacons of said church as their successors forever "lot No. 20 in Brookfield's Addition to the town of Wynne, and block 5 in Brookfield's Second Addition to the town of Wynne, all

in S½ section 16, T. 7, R. 3 E., lot No. 20, to be used as a building site for a house of worship, and block 5 in Brookfield's Second Addition to the town of Wynne, to be used as a site for a parsonage, and, when ceasing to be so used, the title to revert to me or my heirs' and assigns." The *habendum* clause is as follows: "To have and to hold the same unto the said A. J. English, E. J. Newsom and John King, as such trustees, and unto their successors in office forever, with all appurtenances thereunto belonging. And I hereby covenant with the said trustees and their successors in office that I will forever warrant and defend the title to said lands against all lawful claims whatever."

This action was instituted by J. C. Brookfield on October 22, 1922, in the Cross Chancery Court, against O. C. Beamon *et al.* The complaint alleged, in substance, that J. C. Brookfield was the owner of a certain lot, being a part of block 20, and that the defendants, acting under a contract with the First Baptist Church, were trespassing upon his lot; that they were piling material thereon and were proposing to erect a building thereon; that plaintiff has no adequate remedy at law; that the lot in controversy had been conveyed by Nannie E. Brookfield to the plaintiff by warranty deed; that Nannie E. Brookfield, under whom plaintiff claimed, had executed a deed on November 15, 1886, and also an additional deed in 1890, to the lot, the conditions being that, when the land leased or conveyed by the additional deed ceased to be used as church property, it should revert and belong to Nannie E. Brookfield; that thereafter the church that had been erected upon said lot was sold and removed therefrom and the lot had been abandoned by the church and used as a cow pasture; that, because of such fact, the title conveyed by Nannie E. Brookfield in the deeds above mentioned to the lot in controversy reverted to Nannie E. Brookfield, plaintiff's grantor. Plaintiff alleged that, unless the defendants were restrained, they would proceed to erect a building regardless of the rights of plaintiff, and that plaintiff had no adequate remedy at law.

He alleged that the deeds above mentioned were void for want of equity, and that the title, by reason of the abandonment of the property for the purposes mentioned in the deeds, had reverted to Nannie E. Brookfield, plaintiff's grantor, and that plaintiff now had the title to same.

Plaintiff prayed that the defendants be enjoined from proceeding with the erection of the building and that the conveyances above mentioned be removed as a cloud upon plaintiff's title.

While the record does not show that there was any formal answer filed in the action, the recitals of the court's decree show that the cause was heard as if there had been an answer filed denying all the material allegations of the complaint. The judgment recites that "the cause was heard upon the pleadings, the depositions of the plaintiff and the testimony of J. E. Harris, J. W. Williams, Dr. R. Longest and J. C. Brookfield, taken in open court, by order of the court, and transcribed and made a part of the record herein, [and] the court being fully advised in the premises, doth find for the defendants, and doth dismiss plaintiff's cause of action for want of equity." Then follows the formal decree dismissing the complaint for want of equity, and in favor of the defendants against the plaintiff for costs, from which decree is this appeal.

To sustain his cause of action, the plaintiff introduced the deed above mentioned, and also a quitclaim deed from Nannie E. Brookfield, dated January 27, 1906, to J. E. Harris, J. W. Williams and R. H. Mitchell, as trustees for the Wynne Baptist Church, in which she granted, sold and quitclaimed unto the parties named as trustees and unto their successors forever "all of her interest, remainder, or equity of redemption in and to the west 100 feet of block 20 in Brookfield's original survey of the city of Wynne." The *habendum* clause to this deed recites as follows: "To have and to hold the same unto the said J. E. Harris, J. W. Williams and T. H. Mitchell, as said trustees, and unto their successors and

assigns forever, with all appurtenances thereunto belonging.''

In June, 1907, the Baptist Church at Wynne, through its trustees, executed an instrument in the nature of a mortgage to the Home Mission board of the Southern Baptist Convention to secure it in the sum of $1,000, which the board advanced for the purpose of enabling the church to erect a house of worship on the lot described in the quitclaim deed above mentioned from Nannie E. Brookfield to the trustees of the Baptist Church.

On the 17th day of June, 1924, Mrs. Nannie Brookfield executed a deed to J. C. Brookfield by which she conveyed ''all my right, title and interest and reversionary interest in and to the land laid out and platted by me as streets and alleys of the city of Wynne, whether so used or not * * *. This deed is for the purpose and in lieu of a deed between the same parties, conveying the same land, and for the same consideration and purposes, dated about January 27, 1906, and said to have been lost or mislaid. To have and to hold the same unto the said J. C. Brookfield and unto his heirs and assigns forever, with all appurtenances thereunto belonging. And I hereby covenant with said J. C. Brookfield that I will forever warrant and defend the title to the said lands against all claims whatever.''

J. C. Brookfield testified, among other things, that these new deeds were copies of deeds that were executed by his mother, which he had lost. He filed and identified a plat showing the location of the church which had been built on the west end of block 20, extending back about 85 feet from the front or extreme west end of the block. The defendants were proposing to build an annex which would extend some 25 feet further, and six feet over the street line on the north, or 100 feet from the west end of the block. He further testified that the contract had been let for this building, that considerable material had been placed on the ground, and the excavation therefor had begun when the suit was filed, and the building had since been carried to completion, consisting of a two-

story brick building, with a cellar extending 25 feet east of the 100-foot lot on which the church was built in 1906, and six feet over the street line on the north. There is nothing on block 20 east of this annex. Witness owned the property, and lived just across the corner to the northwest of the church. The defendant Beamon was the contractor who built the building, and B. B. Merryman, J. W. Frazier, John Graham, A. J. Harrel, A. J. English, E. W. Newsom, John King and R. H. Mitchell, mentioned in the pleadings and exhibits, are all dead.

Harris testified that he was one of the members of the Wynne Baptist Church, and had been a member for many years. He had held the official capacity of trustee, and also had been a deacon. His recollection was that the first church building was wood. In order to build the brick building it was necessary for the church to borrow money from the bank, and that was the reason Mrs. Brookfield executed the quitclaim deed of January 27, 1906. The church never relinquished any right to the property in controversy during the 25 years witness had been a member thereof. Witness didn't know of any improvements that had been made on the lot in controversy. A coal-house was on the lot, and a fence was built by Dr. Harris for the benefit of his own property. He also put out some trees. Witness didn't know of anything being done to keep cattle off of the property. While the church had no particular use for the lot in controversy, it was not costing anything to hold it, and witness saw no reason why the church should release it. The church was paying no taxes on it. Witness stated that the present brick church stands on the same site as the old building. It had to be removed before the new building could be built. Some of the material was on the ground and the excavation was begun. Witness had never heard that the plaintiff or his mother were claiming any interest in any part of the lot, and didn't remember that the question had ever been discussed until after this suit was instituted.

Williams testified that he had been a member of the church since 1896, and was made a trustee thereof about two years after he joined, and had been a trustee twenty-five years. He recalled the quitclaim deed given by Mrs. Brookfield to the west 100 feet of block 20. Nothing was said and done by the church at the time this deed was executed to indicate that the church relinquished any claim to any part of said block 20. The first time witness had any knowledge or information that Brookfield or any one for him was claiming an interest in the lot in controversy was when the annex was started, and that was about two years or less before the giving of witness' testimony. Witness could not say that they had no use for the property in controversy as church property. They thought at one time about building a parsonage on the property, but it was too small for that. Nothing had been done with it, but it was not costing anything in taxes and other ways, and there was no need to relinquish it. When Dr. Harris put the trees out, he first asked permission of the officers of the church to do so.

Dr. Longest testified that he lived twenty years adjoining block 20, just across the street from the church property in controversy. A fence was put around the balance of the block that the church was not on about ten or twelve years ago. It ran up to within about twenty feet of the main brick church. The vacant lot was not used for anything except there was a coal-house built about fifteen or twenty feet from the east end of the brick church and used by the church for storing its coal. Witness remembered that Dr. Catlett's family used the lot as a pasture for two years.

Brookfield further testified that the church wanted a quitclaim deed to block 20 for the purpose of disposing of the east part of the block, which was about 300 feet in length, and witness told the trustees that he and his mother did not intend to give the church any property to mortgage or sell. The purpose, as told by all the parties engaged in the transaction, was to dispose of this part of the block to one W. W. Black, who was expected

to pay the church a considerable amount of money. Witness gave Dr. Harris permission to put a fence around the lot. Witness didn't know whether the church gave Mrs. Harris permission or not. They did use it to some extent as a cow pasture. Witness gave Mr. and Mrs. Catlett permission to use it as a pasture. The church had no use for the lot, and never would have any use for it for church purposes.

The deeds in the record show that Mrs. Nannie E. Brookfield, the common source of title, first executed a deed to 185 feet off of the west end of block 20 in the town of Wynne, Cross County, Arkansas, and afterwards executed a deed to trustees for a lot to be used for religious purposes, the title to same to revert to her when the property ceased to be used for church purposes. In the deed executed in 1890 she conveyed specifically to the trustees, naming them, of the Wynne Baptist Church, all of block 20, to be used as a building site for a house of public worship, and, when it ceased to be so used, the title to same should revert to her or to her heirs and assigns. Construing these deeds together, we are convinced that it was the purpose of the grantor, Mrs. Brookfield, to convey all of block 20 to be used for religious purposes and specifically to the Wynne Baptist Church, and that the title thereto should not revert to the grantor so long as the church was using the same for such purposes. While the deed of February 22, 1890, conveys block 20 to the Wynne Baptist Church to be used as a building site for a house of worship, it is manifest that the grantor intended that, so long as the church used any part of block 20 as a site for a church building, it was to have the title to the entire block. The only reasonable construction to be given to the language is that the grantor intended that block 20 should be dedicated or donated to the Wynne Baptist Church to be used as a building site for its house of worship, and such portions of the lot as remained after the house of worship was erected thereon to be used by the church in connection therewith and for such purposes as the church might desire. It occurs

to us that the purpose of the grantor or donor was clear to donate the entire block to the Wynne Baptist Church, even though only a small portion thereof was actually occupied by the church building. She had already donated 185 feet of block 20 for evangelical purposes, and therefore when she gave to the Wynne Baptist Church the entire block she must have anticipated that this church would, or at least might, need the entire block for church purposes. If such had not been her purpose she would undoubtedly have limited the grant and donation by metes and bounds to the specific area necessary to be used only for building the churchhouse.

It is a matter of common knowledge that, in the activities of church life, much more ground than that which is actually occupied by the church building is often devoted to church purposes, such as arbors or tents for outdoor gatherings, rooms and houses, etc., in addition to the regular churchhouse, for the use and convenience of the various subsidiary organizations and societies in connection with and under the supervision of the church itself. The burden was upon the appellant to prove that the condition obtained by which the title to the block in controversy reverted to the grantor, her heirs or assigns, which condition was that the Wynne Baptist Church had ceased to use block 20 as a building site for its house of worship. This the appellant has wholly failed to prove. The uncontradicted testimony is to the contrary. The Wynne Baptist Church still has its house of worship on block 20 in the town of Wynne, Cross County, Arkansas, although the church building does not cover the entire block.

The decree of the trial court therefore, dismissing the appellant's complaint for want of equity, is in all things correct, and it is affirmed.